IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| TREY FRANZOY, et al., | * | |
| Plaintiffs | * | |
| v. | * | No. ABA-22-cv-2869 |
| ERIC YOCKEY, et al., | * | |
| Defendants | * | |

\* \* \* \* \*

## MEMORANDUM OPINION

Currently before the Court is the motion to dismiss filed by Defendants Eric Yockey, Unit-e Global, L.C. ("Unit-e"), and Unit-e Technologies, L.C. ("Unit-e Tech") (ECF No. 25). On January 26, 2023, Plaintiffs Trey Franzoy and Charlie Chedda's, LLC filed their amended complaint alleging two breach of contract claims, a constructive fraud claim, and an alternative unjust enrichment claim. ECF No. 19 ("Compl."). Defendants have moved to dismiss all claims. For the reasons stated below, the Court will deny the motion to dismiss.

**I.     BACKGROUND**[1]

Plaintiff Franzoy is an "investor in gaming technology," and the sole owner of Plaintiff Charlie Chedda's LLC, which operates an arcade in Colorado Springs, Colorado. Compl. ¶ 1. Defendants Unit-e and Unit-e Tech are Maryland limited companies, and Defendant Yockey is a resident of Maryland. *Id.* ¶¶ 7-9.

---

[1] At this stage, the Court "must accept as true all of the factual allegations contained in the complaint and draw all reasonable inferences in favor of the plaintiff." *King v. Rubenstein*, 825 F.3d 206, 212 (4th Cir. 2016).

Plaintiffs allege two sets of contracts, both of which Plaintiffs allege Defendants have breached. First, Plaintiffs allege that Defendants contracted to build, and deliver to Plaintiffs, certain "claw" and "crane" arcade machines, and that the machines would use a payment technology known as RFPay. *See, e.g.*, *id.* ¶ 10. Plaintiffs allege that Unit-e Tech billed Mr. Franzoy for the kiosks. *Id*. ¶ 18. Plaintiffs allege that Defendants never delivered the games as agreed*. Id.* ¶ 34. Although an allegedly "simplified" version of one of the contracted-for games was "produced," Plaintiff allege that it "never worked" and is "inoperable." *Id.* ¶ 16. Second, Plaintiffs allege that Defendants contracted to repay certain loans related to the parties' joint gaming ventures. *Id.* ¶¶ 19-22. Plaintiffs allege that although the agreements were originally made orally, they were memorialized in writing. Compl. ¶ 25-28. Plaintiffs further allege that although Plaintiffs have demanded payment of the borrowed funds, Unit-e and Yockey have "refused to make payment." *Id* ¶ 39. In Counts I and II, Plaintiffs assert claims for breach of those respective alleged contracts.

In addition to entering those alleged contracts, Plaintiffs and Defendants also formed Gold Farm, LLP and Jokers Games, LLC to provide online games and a physical location for gaming. Plaintiffs assert in Count III that Defendants engaged in constructive fraud when, among other things, Yockey transferred his interest in Jokers Games to Unit-e without permission and in contravention of the operating agreement, acted against Jokers Games' interests, and excluded Franzoy from Jokers Games' operations. Plaintiffs have also alleged an alternative claim for unjust enrichment (Count IV).

## II.   STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 8(a)(2), a complaint must contain "a short and plain statement of the claim showing the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

When a defendant asserts that, even assuming the truth of the alleged facts, the complaint fails "to state a claim upon which relief can be granted," the defendant may move to dismiss the complaint. Fed. R. Civ. P. 12(b)(6).

To withstand a motion to dismiss, the complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The pleadings must contain sufficient factual allegations to state a facially plausible claim for relief. *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). As noted above, when considering such a motion, the Court "must accept as true all of the factual allegations contained in the complaint and draw all reasonable inferences in favor of the plaintiff." *King*, 825 F.3d at 212.

## III. DISCUSSION

### A. Breach of Contract (Counts I and II)

Defendants first argue that Plaintiffs' breach of contract claims fail because Plaintiffs have failed to plead all the material terms of the agreements. The Court disagrees. After reviewing the amended complaint, the Court concludes that Plaintiffs have adequately alleged the existence of contractual obligations and breach thereof. *See RRC Ne., LLC v. BAA Maryland, Inc.*, 994 A.2d 430, 440 (Md. 2010) (describing the pleading requirements for a breach of contract claim).[2] Specifically, Plaintiffs alleged that Defendants agreed to build arcade games in exchange for money but failed to do so, or at least according to the allegedly contracted-for

---

[2] The parties agree that Maryland law governs Plaintiffs' claims. *See* Mot. at 8; Pls.' Opp. To Defs.' Mot. to Dismiss (ECF No. 26) at 3.

specifications (Count I), and that Defendants agreed to pay back money loaned to them by Plaintiffs but failed to do so (Count II).

Defendants next argue that the Statute of Frauds bars enforcement of the alleged contracts because they were not reduced to writing and not performable within one year. *See* Md. Code Ann., Com. Law § 2-201(1) ("[A] contract for the sale of goods for the price of $500 or more is not enforceable . . . unless there is some writing sufficient to indicate that a contract for sale has been made between the parties and signed by the party against whom enforcement is sought."); Md. Code Ann., Cts. & Jud. Proc. § 5-901(1) ("Unless a contract . . . is in writing and signed by the party to be charged . . . an action may not be brought . . . [o]n any agreement that is not to be performed within 1 year from the making of the agreement."). However, Plaintiffs have alleged that Defendants invoiced them in writing for at least some of the equipment they ordered, and that Defendants agreed in writing to treat the advances from Plaintiffs as loans. *See, e.g.*, Compl. ¶¶ 18, 25-28. As the Maryland Appellate Court has explained,

> [W]e should always be satisfied with "some note or memorandum" that is adequate, when considered with the admitted facts, the surrounding circumstances, and all explanatory and corroborative and rebutting evidence, to convince the court that there is no serious possibility of consummating a fraud by enforcement. When the mind of the court has reached such a conviction as that, it neither promotes justice nor lends respect to the statute to refuse enforcement because of informality in the memorandum or its completeness in detail.

*Collins v. Morris*, 716 A.2d 384, 389 (Md. App. 1998) (quoting Corbin on Contracts, § 22.1, pp. 703-04 (Rev. ed. 1997)).

In addition to the allegations that some writings support the existence of the contracts, section 5-901(1) is only applicable "when the parties expressly and specifically agreed that their oral contracts were not to be performed within one year" or "when it is impossible by the terms of the contract for it to be performed fully within one year." *Griffith v. One Inv. Plaza Assocs.*,

4

488 A.2d 182, 184 (Md. 1985) (internal quotation marks omitted) (quoting *Sun Cab Co. v. Carmody*, 263 A.2d 1 (Md. 1970) then citing *Chesapeake Financial Corp. v. Laird*, 425 A.2d 1348 (Md. 1981)). Such allegations do not appear in the amended complaint. Thus, the Court concludes that, accepting all of Plaintiffs' factual allegations as true and drawing all reasonable inferences in favor of Plaintiffs, Counts I and II adequately allege breaches of contract.

### B.     Constructive Fraud (Count III)

As to Count III, Defendants argue that Plaintiffs have failed to meet the heightened pleading requirement for their constructive fraud claim under Federal Rule of Civil Procedure 9(b). For a fraud claim, Rule 9(b) requires "the time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby." *Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 784 (4th Cir. 1999) (quoting 5 Charles Alan Wright and Arthur R. Miller, Federal Practice and Procedure: Civil § 1297, at 590 (2d ed. 1990)). Drawing all reasonable inferences in favor of Plaintiffs, the Court concludes Plaintiffs have adequately met these requirements.

Constructive fraud is a "breach of a legal or equitable duty which, irrespective of the moral guilt of the fraud feasor, the law declares fraudulent because of its tendency to deceive others, to violate public or private confidence, or to injure public interests." *Canaj, Inc. v. Baker & Div. Phase III, LLC*, 893 A.2d 1067, 1095 (Md. 2006) (internal quotation marks omitted) (quoting *Md. Envtl. Trust v. Gaynor*, 803 A.2d 512, 516-17 (Md. 2002)). Such a claim may arise in connection with a breach of fiduciary duty such as the one alleged by Plaintiffs. *See Crawford v. Mindel*, 469 A.2d 454, 459 (Md. App. 1984) ("Based on the fiduciary duty appellant Crawford owed to the corporation and the individual appellees, his conduct may be categorized as a classic

example of constructive fraud, which usually arises from a breach of duty where a relationship of trust and confidence exists.").

Here, the Court concludes that Plaintiffs have adequately pleaded that the parties formed Jokers Games in 2019 and that Yockey breached a fiduciary duty as a member of Jokers Games by unilaterally transferring his ownership to Unit-e, and violated Plaintiffs' confidence and trust in a variety of specific ways in the early 2020's including by excluding Mr. Franzoy from Jokers' Games' operations. Drawing all reasonable inferences in Plaintiffs' favor, and at this early stage, the Court concludes that Plaintiffs have adequately pleaded this claim.

### C. Unjust Enrichment

Defendants contend that Plaintiffs may not prevail on both breach of contract and unjust enrichment. Defendants are correct that "no quasi-contractual claim can arise when a contract exists between the parties concerning the same subject matter on which the quasi-contractual claim rests." *Cnty. Comm'rs of Caroline Cnty. v. J. Roland Dashiell & Sons, Inc.*, 747 A.2d 600, 607 (Md. 2000) (quoting *Mass Transit Admin. v. Granite Constr. Co.*, 471 A.2d 1121, 1126 (Md. App. 1984)). However, at least at the pleadings stage, Plaintiffs may plead a claim for unjust enrichment in the alternative, in the event that the alleged contracts are unenforceable. *See* Fed. R. Civ. P. 8(d)(2) ("A party may set out 2 or more statements of a claim . . . alternatively . . . . If a party makes alternative statements, the pleading is sufficient if any one of them is sufficient."); *CDC-LCGH, LLC v. Mayor*, 313 F. App'x 637, 641-42 (4th Cir. 2009) (recognizing that the plaintiff could plead contract claims and quasi-contract claims in the alternative but affirming the dismissal of the unjust enrichment claim on summary judgment because a valid contract existed). Thus, this claim survives until and unless the fact finder determines that the alleged contracts are enforceable.

## IV. CONCLUSION

For the foregoing reasons, the Court will deny Defendants' motion to dismiss. An appropriate order follows.

Date: September 29, 2023               /s/ Adam Abelson
                                       Adam B. Abelson
                                       United States Magistrate Judge